# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| v. | Mag. No. 19-7283 |
| JAVIER MALDONADO | |

I, Drew Greeley, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the United States Drug Enforcement Administration, and that this Complaint is based on the following facts:

### SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

_____
Special Agent Drew Greeley
U.S. Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
June 12, 2019, in Essex County, New Jersey.

Honorable Cathy L. Waldor                    _____
United States Magistrate Judge               Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
**(Conspiracy to Distribute over 5 kilograms of Cocaine)**

On or about June 11, 2019, in Middlesex County, in the District of New Jersey and elsewhere, defendant,

JAVIER MALDONADO,

did knowingly and intentionally conspire and agree with others to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

### COUNT TWO
**(Possession with Intent to Distribute over 500 grams of Cocaine)**

On or about June 11, 2019, in Hunterdon County, in the District of New Jersey and elsewhere, defendant,

JAVIER MALDONADO,

did knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

**ATTACHMENT B**

I, Drew Greeley, am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. In or around June 2019, law enforcement commenced an investigation into Javier Maldonado ("MALDONADO") after learning, from a reliable, confidential source ("CS-1") that MALDONADO was attempting to obtain approximately ten kilograms of cocaine for redistribution in New Jersey and elsewhere.

2. On or about June 10, 2019, MALDONADO had extensive conversations with CS-1 regarding the upcoming narcotics transaction. Specifically, MALDONADO agreed to purchase ten kilograms of cocaine from CS-1 for approximately $280,000.

3. On or about June 11, 2019, MALDONADO and CS-1 met at a prearranged location in the Bronx, New York. Law enforcement conducted surveillance of this meeting. Law enforcement observed Maldonado hand a bag to CS-1, who proceeded to hand a bag containing ten packages of a white powdery substance, which resembled kilograms of cocaine (the "Ten Kilograms"), to MALDONADO. Shortly after the transaction, CS-1 and MALDONADO parted ways.

4. Law enforcement followed MALDONADO and continued to surveil him. Shortly after the above-referenced meeting, MALDONADO travelled to Piscataway, New Jersey. Law enforcement observed MALDONADO pull over to the side of the road without signaling and in an unsafe manner, at which point they conducted a motor vehicle stop.

5. MALDONADO gave law enforcement consent to search his vehicle. Law enforcement located a secret compartment, commonly referred to as a "trap," in the vehicle, and located the bag that had previously contained the Ten Kilograms, along with the actual Ten Kilograms, in the trap. At this point, MALDONADO was placed under arrest.

6. MALDONADO subsequently advised law enforcement that he had approximately $100,000 in narcotics proceeds stored at his residence in

Hampton, New Jersey (Hunterdon County) (the "Hampton Residence").

7. MALDONADO gave law enforcement consent to search the Hampton Residence and provided law enforcement with the code necessary for entry. During the search of the Hampton Residence, law enforcement located a package resembling a kilogram of cocaine in a shared dresser in the master bedroom. Law enforcement also located approximately one kilogram of "cut," or a substance commonly used as cutting agent in a walk-in closet off the master bedroom. Law enforcement also located a scale, resembling the type commonly used to weigh narcotics, in plain view in the master bedroom. Law enforcement also located various plastic bags and other materials commonly used to package narcotics in plain view throughout the master bedroom.

8. The package resembling one kilogram of cocaine, located in the master bedroom, subsequently tested positive for cocaine and was determined to weigh approximately 724 grams.